```
            UNITED STATES DISTRICT COURT
           CENTRAL DISTRICT OF CALIFORNIA
               CIVIL MINUTES--GENERAL
```

Case No.    EDCV 14-1497-JAK (AJW)                    Date: July 29, 2014

TITLE: <u>Terence Ruffin v. Riverside Police Department</u>
========================================================
PRESENT: HON.  ANDREW J. WISTRICH, U.S. MAGISTRATE JUDGE

    <u>Ysela Benavides</u>
    Deputy Clerk                    Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**   **ATTORNEYS PRESENT FOR DEFENDANTS:**
        None                                    None

**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED**

Petitioner filed this petition for writ of habeas corpus on May 5, 2014.[1]

From the face of the petition, it does not appear that petitioner has exhausted his state remedies.  A state prisoner is required to exhaust all available state court remedies before a federal court may grant habeas relief.  28 U.S.C. § 2254(b); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied when the substance of a petitioner's federal claim has been fairly presented to the state's highest court.  <u>Davis v. Silva</u>, 511 F.3d 1005, 1008-1009 (9th Cir. 2008). It does not appear that petitioner has presented any of his claims for relief to the California Supreme Court.

It also appears that it is barred by the one-year period of limitation set forth in the AEDPA.  28 U.S.C. § 2244(d)(1).  According to the petition, petitioner was convicted in 1993. [Petition at 1].  The California Court of Appeal affirmed his conviction on September 14, 1995, and petitioner did not file a petition for review in the California Supreme Court. [Petition at 2].  His conviction became final in October, 1995.  Because his conviction became final before the passage of the

---

      [1] The petition was filed by the Clerk of the United States District Court for the Eastern District of California on May 7, 2014, was transferred to this Court and filed by the Clerk on July 22, 2014.  Nevertheless, petitioner is entitled to the benefit of the "mailbox rule," pursuant to which a state or federal habeas petitions is deemed filed on the date on which petitioner handed it to the proper prison official for mailing. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988) (holding that a pro se prisoner's pleading is deemed filed at the moment it is delivered to prison authorities for forwarding to the district court).  The Court assumes that petitioner handed his petition to the proper prison officials on the date he signed it.

AEDPA, petitioner had until April 24, 1997 to file a federal petition. See Bryant v. Arizona Atty. Gen., 499 F.3d 1056, 1059 (9th Cir. 2007).

This petition was not filed until May 5, 2014, more than seventeen years after the limitation period expired. Thus, absent grounds for statutory tolling, see 28 U.S.C. § 2244(d)(1) & (2), or equitable tolling, limitation period, the petition is time-barred.

The limitation period does not run while a properly filed state application for post-conviction relief is pending.  28 U.S.C. § 2244(d)(2). See Carey v. Saffold, 536 U.S. 214, 218-219 (2002). Petitioner does not indicate that he filed any petitions in the state courts, so it does not appear that statutory tolling is available.

The limitation period also may be equitably tolled.  The Supreme Court has explained that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 & n.8 (2005).  "In this circuit, equitable tolling of the filing deadline for a habeas petition is available 'only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'"  Lott v. Mueller, 304 F.3d 918, 924 (9th Cir. 2002) (citation and quotation omitted). Equitable tolling may be appropriate when "external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim."  Lott, 304 F.3d at 925(citation omitted).

Petitioner shall show cause why the petition should not be dismissed as unexhausted or untimely by filing a response within twenty-eight (28) days of the date of this order.  The response shall indicate whether and when petitioner filed any petitions challenging his conviction in the state courts, and in particular, the California Supreme Court.  If possible, petitioner shall attach copies of his state court petitions and the decisions concerning them.  In addition, if petitioner contends that he is entitled to equitable tolling, petitioner must describe specifically the nature and duration of any extraordinary circumstances which petitioner believes impeded his ability to timely file his petition.  **All** facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury, see 28 U.S.C. §1746, or in properly authenticated documents.

Petitioner's failure to timely file a response to this order may result in the dismissal of his petition.

**IT IS SO ORDERED.**

MINUTES FORM 11                                         Initials of Deputy Clerk_____
CIVIL-GEN